No. 9938.
Orleans Appeal.

ELLA MEYERS, ETC. v. LONGSHOREMEN'S PROTECTIVE UNION AND BENEVOLENT ASSN., Appellant.

(March 16, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Associations—Par. 6, 17; Obligations—Par. 10.**
When a caterer supplies meals to the members of a benevolent association under a contract with the acting president in the belief that he is fully authorized to make such contract and the meals are consumed in the presence of the officers of the association, the association will be held to have ratified the act of its acting president in so far as he may have exceeded his authority as expressed in a resolution of the Association.

(Civil Code, Art. 1816. Editor's note.)

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a suit to collect the price agreed upon for meals served to a benevolent association.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. S. Norman, attorney for plaintiff and appellee.

Van Burin Harris, attorney for defendant and appellant.

WESTERFIELD, J. The Longshoremen's Protective Union and Benevolent Association held its annual meeting in this city on the 20th and 21st days of August, 1924. The meeting had been hastily called and for an unusual time because of an injunction, which had been issued at the instance of certain members out of sympathy with the incumbent officials, preventing the meeting on the customary date. While the meeting was in progress, the acting president of the Association, George W. Forest, stated that the usual preparation for serving food in the hall of the association on the days of election had been forgotten and thereupon Forest was, upon motion of Mose Johnson, one of the candidates for president in the impending election, authorized to make the necessary arrangements. It is contended by some witnesses that the authority of the acting president was limited to obtaining meals for the officers, the commissioners of election and two policemen who had been detailed at the hall of the Association for the purpose of keeping order. Others, including Forest himself, deny that there was any such limitation and assert that when the sug-

gestion to so restrict the service of meals was made by one or more members, a violent protest ensued resulting in a tumultous clamor for the feeding of all members of the Association without regard to rank or duties, as had been the custom in the past, and that this sentiment prevailed. Be that as it may, however, Forest contracted with plaintiff, through her son, who was present at the meeting as a member of the Association, to provide food for everybody as usual. Some 400 meals were provided during the two days of the election, plaintiff having purchased the necessary supplies from various merchants and almost miraculously began feeding the multitude immediately. On Sunday following the election, which was held on Wednesday and Thursday, the secretary writes up the minutes and it then appears that the resolution offered by Mose Johnson was so qualified as to limit the acting president's authority to obtaining meals for the officers and policemen only. Consequently, when plaintiff presented her bill for the food supplied the entire membership who cared to partake of it she was denied payment for all but the meals served the officers, and she brings this suit for the remainder.

The defense is based upon the principle of law that one who deals with an officer of a corporation with knowledge of the limits of his authority is bound thereby. There is no doubt that this is good law, but under the peculiar circumstances of this case we are unable to conclude as a matter of fact that plaintiff, or her son, who acted for her and whose knowledge must be imputed to her, had knowledge of the restrictive clause in the resolution as it finally appeared in the minutes. It is true he was present at the meeting when the resolution was adopted. But at that meeting there was "confusion worst confounded" and the officer charged with the execution of the resolution denies that it was proper-

ly recorded by the Secretary. Other witnesses testify to the same effect. The resolution was offered by a candidate for president in an election which was to follow immediately. It is unlikely that a candidate would suggest so undemocratic a restriction especially as it had been customary in the past to feed all members present. Plaintiff had in the past catered to similar occasions and always without any restriction as to whom she was to feed save only that they must be members of the Association and present in the hall.

Moreover, all the officers of the Association were present when the food was served and no objection was made. They may be fairly said to have ratified the unauthorized act of their president if, as a matter of fact, it was unauthorized. In receiving and consuming the food supplied by plaintiff there was an implied promise to pay for it. R. C. C. 1816.

The judgment appealed from is correct and it is therefore affirmed.